Kevin McKEOWN, Plaintiff–Appellant,

v.

BAYSHORE CONCRETE PRODUCTS CORPORATION, Tidewater Construction Corporation, and Peter Kiewit Sons' Company, Defendants–Appellees.

No. 01–1607.

United States Court of Appeals, Federal Circuit.

May 7, 2002.

Before BRYSON, GAJARSA, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Kevin McKeown appeals the decision of the United States District Court for the Eastern District of Virginia granting summary judgment of non-infringement in favor of Bayshore Concrete Products Corp., Tidewater Construction Corp., and Peter Kiewit Sons' Co. (collectively, "Bayshore"). We *affirm*.

## BACKGROUND

Mr. McKeown is the inventor and owner of U.S. Patent No. 5,846,020 ("the '020 patent"). Claim 1, the only claim of the '020 patent, is set forth below:

1. A prefabricated reinforced concrete roadway section for use in constructing a multilevel roadway structure comprising:

a pair of laterally spaced elongated side supports each having an elongated base portion formed generally as a "Jersey barrier" and provided with a vertically oriented support column at each end thereof, the support columns on opposite side supports being laterally aligned and supporting a section of elevated roadway surface extending between and along the length of the side supports, each of said side supports including end portions provided with means for connecting to a side support of an adjacent roadway section;

wherein each said elongated base portion has a bottom surface adapted to be mounted on an existing roadway traffic surface and at least one anchoring rod for anchoring said base portion to said existing roadway traffic surface, said bottom surface including recesses therein for forming drainage channels between said base portion and said roadway traffic surface when said base portion is mounted on said existing roadway traffic surface:

wherein said elevated roadway surface includes upper level side barriers along each side of said elevated roadway surface, wherein upper level drainage channels are provided through said upper level side barriers and permit runoff from said elevated roadway surface, and

wherein said means for connecting to an adjacent roadway section includes bolts through holes in adjacent support columns.

Mr. McKeown filed a patent infringement action alleging that certain pre-stressed concrete structures manufactured by Bayshore, including those used to construct an elevated light rail system at JFK Airport in New York, infringe the '020

patent. After hearing oral argument, the district court granted Bayshore's motion for summary judgment of noninfringement.

## DISCUSSION

We agree with the district court that there is no evidence on the record showing that the accused structures contain the claim limitation requiring that each elongated base portion "has a bottom surface adapted to be mounted on an existing roadway traffic surface" either literally or under the doctrine of equivalents. As the district court explained, when a motion for summary judgment is made, the non-moving party may not rest upon mere allegations or denials of the moving party's pleadings. Rather, if the non-moving party bears the burden of proving an element essential to his case, he must designate specific facts that sufficiently demonstrate a genuine issue for trial with respect to that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the context of patent cases, "the motion of an accused infringer for judgment on the ground of non-infringement of a patent may be granted where the patentee's proof is deficient in meeting an essential part of the legal standard for infringement." *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577, 12 USPQ2d 1382, 1383–84 (Fed.Cir.1989).

Before the district court, Bayshore filed an affidavit that explained why its concrete structures do not infringe the '020 patent. Mr. McKeown was therefore required to allege specific facts sufficient to establish a genuine dispute as to whether each and every limitation set forth in claim 1 can be found in the accused products literally or equivalently. We agree with the district court that Mr. McKeown failed to establish a factual foundation that would support a finding of infringement.

In particular, Mr. McKeown failed to allege specific facts explaining how the bottom surface of the accused structures could satisfy the "adapted to be mounted on an existing roadway traffic surface" limitation so as to establish literal infringement of claim 1. He has also not alleged specific facts explaining how the bottom surface of the accused structure is insubstantially different from that claimed in the '020 patent or how it might perform substantially the same function in substantially the same way to achieve substantially the same result so as to establish infringement under the doctrine of equivalents.

Mr. McKeown relies on broad statements in his own affidavit alleging that he has personally inspected Bayshore's products, compared them to the '020 patent, and found that the accused structures contain every element of claim 1. His affidavit also states, without elaboration, that the Bayshore products contain "internally spaced elongated side supports, vertically oriented support columns at each end and elongated based portions adapted to be mounted." Such unsupported, conclusory statements on the ultimate issue of infringement are wholly insufficient to raise a genuine evidentiary dispute for trial. *See Arthur A. Collins, Inc. v. Northern Telecom Ltd.*, 216 F.3d 1042, 1046, 55 USPQ2d 1143, 1146 (Fed.Cir.2000); *Johnston*, 885 F.2d at 1578, 12 USPQ2d at 1385. We therefore conclude that the district court properly granted Bayshore's motion for summary judgment because Mr. McKeown has failed to raise a genuine issue of material fact as to the claim of infringement.

We reject Mr. McKeown's argument that the district court failed to consider infringement under the doctrine of equivalents in its grant of summary judgment. In its opinion, the court set forth the test

for establishing both literal infringement and infringement under the doctrine of equivalents: "To establish infringement, every limitation set forth in a claim must either be found in an accused product exactly or by a substantial equivalent." In addition, the court expressly considered infringement under the doctrine of equivalents in its analysis, concluding that "there is no substantial infringement because, among other reasons, no evidence has been presented that Bayshore's concrete structures contain anything which would allow the structure to 'be mounted on an existing roadway traffic surface.'"

We reject Mr. McKeown's argument that the district court failed to consider his affidavit filed in opposition to Bayshore's motion for summary judgment. In its opinion, the district court explicitly referred to that document, stating: "Mr. McKeown responds with an affidavit in which he states Bayshore's product has 'internally spaced elongated side supports, vertically oriented support columns at each end and elongated base portions adapted to be mounted.'" Because the district court expressly adverted to Mr. McKeown's affidavit, we have no reason to believe that the district court disregarded it. Instead, it appears that the district court determined that Mr. McKeown's conclusory assertions in that document were insufficient to create a genuine issue of material fact, as do we.

We also reject Mr. McKeown's request that the case be remanded for additional discovery. Prior to the court's entry of summary judgment, Mr. McKeown had ample opportunity, under Federal Rule of Civil Procedure 56(f), to submit an affidavit to the district court setting forth reasons why he was unable to present facts essential to justify his opposition to summary judgment. He did not take advantage of that opportunity. Furthermore, he does not explain what facts he expects to discover that would preclude summary judgment in favor of Bayshore.

Mr. McKeown also argues that the district court erred in its discussion of the preamble of the patent claim. Although the district court may have incorrectly characterized the preamble in its opinion, detailed analysis of the preamble is unnecessary given our conclusion that Mr. McKeown has failed to raise a genuine issue of material fact as to whether Bayshore's products contain the limitation of claim 1 requiring elongated base portions having "a bottom surface adapted to be mounted on an existing roadway traffic surface" either exactly or by an equivalent. Accordingly, we affirm the decision of the district court.